**Lino Garcia VALDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46435.**

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Rehearing Denied March 28, 1973.

Billy J. Wilkinson, San Antonio, for appellant.

Ted Butler, Dist. Atty., John L. Quinlan, III and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with intent to commit theft where the punishment was assessed at two (2) years.

On January 10, 1972, the appellant waived trial by jury and entered a plea of guilty before the court. He was extremely well admonished by the court as to the consequences of his plea. The court was also careful to inquire, among other things, whether the appellant had been promised probation by his counsel, the District Attorney, the court, or anyone else. The appellant responded, "Nobody has promised me anything."

The evidence offered upon the plea of guilty was properly stipulated. After assessing punishment, the court ordered a pre-sentence report from the probation officer to determine appellant's eligibility for probation.

On February 10, 1972, the court denied the appellant's motion for probation, stating:

"The Court has a comprehensive probation report, and it appears that you had probation on two other occasions in California, plus offenses for robbery, and you had a two-year probation in 1961; you had one year probation in '64 and you have been arrested for other offenses here—and the Court is going to deny your application for probation."

At the sentencing which followed, the appellant claimed he had been placed on probation only one time and that he didn't admit " . . . none of those crimes that it says I did there."

After hearing appellant's claim that he had only received probation on one occasion, the court proceeded to sentence the appellant.

Appellant, in his sole contention, claims the trial court abused its discretion in refusing to grant probation by failing to cause a more complete investigation of appellant's background. He appears to challenge the accuracy of the pre-sentence probation report.

" . . . The question of whether an accused is entitled to probation, where the court assesses punishment, rests absolutely with the trial court's discretion under the guideposts of the statute and no authority exists for the accused to require such clemency." Martin v. State, 452 S.W.2d 481, 483 (Tex.Cr.App.1970), and cases there cited.

The decision of the trial court not to grant probation is not appealable. Jackson v. State, 474 S.W.2d 237 (Tex.Cr.App. 1971).

While not required to utilize a pre-sentence report, it is desirable in such cases that the trial court " . . . use the probation officer's report and take into consideration all of the pertinent information to more intelligently determine if the person convicted is entitled to probation. . . ." McNeese v. State, 468 S.W.2d 800, 801 (Tex.Cr.App.1971). The fact that the court considers the arrest record of a person applying for probation is not error, McNeese v. State, supra, and the court is not required to disregard information in the pre-sentence report because "hearsay statements" are included. Brown v. State, 478 S.W.2d 550 (Tex.Cr.App.1972).

In the instant case, the court did not reveal all that was contained in the pre-sentence report, and was aware of appellant's claim of inaccuracy as to one conviction prior to sentencing. We cannot say that the trial court abused its discretion.

The judgment is affirmed.