**Anthony WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46071.**

Court of Criminal Appeals of Texas.

April 18, 1973.

Sam A. Maida, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and L. H. Stewart, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of burglary with intent to commit theft. Punishment was assessed by the court at three years' confinement.

In his sole ground of error, appellant contends that the trial court erred in overruling his objection, during the hearing on punishment, as to an inquiry concerning appellant's juvenile record. The appellant had filed a motion to exclude any references to his juvenile record; the motion was granted *as to the trial on the merits*.

At the punishment hearing before the court, appellant testified he could live up to the terms and conditions of probation. The State then asked him if he had been a peaceable and law-abiding citizen. Appellant answered that on several occasions he had "not co-operated with the law." The State rested at that point; the trial judge then inquired:

> "THE COURT: Anthony, have you had some juvenile problems?
>
> "A Yes sir.
>
> "THE COURT: What were you handled for?

"A   Shoplifting.

"THE COURT: And what else? How many times were you handled as a juvenile?

"A   Several times.

"MR. STEWART [PROSECUTOR]: About twenty-five (25) times.

"THE COURT: Were you ever sent to Gatesville?

"A   Yes sir.

"MR. STEWART [PROSECUTOR]: It starts from 1966, Your Honor.

"THE COURT: Tell me now, what has happened since all of this that has made you change your mind about how you are going to live?

"A   Since June I have realized that I can go to the penitentiary as soon as I was seventeen (17), and I decided to straighten myself up because I don't want to go to the penitentiary.

"THE COURT: And you were seventeen (17) when this happened?

"A   Yes.

"THE COURT: When were you realeased from Gatesville?

"A   On February 10th.

"THE COURT: Of 1971?

"A   Yes sir."

1. No character witnesses were presented by appellant.

Appellant contends that this testimony concerning his juvenile record should not have been admitted.[1] The question which appellant raises appears to be one of first impression; that is, whether, in a punishment hearing before the court, testimony may be elicited from the accused concerning his juvenile record. Article 37.07, Vernon's Ann.C.C.P., makes no provision for this.[2]

We would point out that, in the instant case, the appellant had entrusted his motion for probation solely within the hands of the trial judge. Unquestionably, the judge could have ordered a presentence report before considering appellant's probation motion. That report, by statute, could include the circumstances of the offense, his criminal record, social history and present condition of the defendant. Article 42.12, V.A.C.C.P.

It makes a great deal of sense that the judge should have before him a thorough report of the accused's past record and background, when considering his motion for probation. The very purpose of granting probation is to release a convicted defendant who shows himself capable of adhering to certain conditions. The present appellant was 18 years old at the time of trial. The principles just enunciated apply even more so in such a case. It would be ridiculous to conclude that an 18-year-old with a lengthy juvenile record should be granted the same consideration as someone of the same age with a spotless record.

We conclude that the judge's inquiry was proper. The judgment is affirmed.

2. See 51 Tex.L.Rev. 148 (1972).