**Norman Dean PITTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 56361, 56362.**

Court of Criminal Appeals of Texas.

Panel No. 1.

Jan. 25, 1978.

Terrence A. Gaiser, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Gerard W. Guerinot, Asst. Dist. Attys., Houston, for the State.

Before THOMAS G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

DALLY, Judge.

These are appeals from convictions for burglary. Trial was before the court on pleas of guilty. The punishment is imprisonment for 10 years in each case.

In three related grounds of error the appellant contends that the court erred in eliciting testimony from appellant concerning previous arrests including arrests occurring when the appellant was a juvenile. It is urged that the court's inquiry was in contravention of Art. 37.07, Sec. 3(a), V.A. C.C.P., which provides that only that portion of the defendant's prior criminal record which resulted in final convictions may be offered and considered.

After the court found the appellant guilty the State recommended punishment of imprisonment for 10 years, probated. The court requested a presentence report. When the court reconvened to consider whether to grant probation, a presentence probation report had not been furnished, and during this hearing the court asked the questions about which appellant now complains. The colloquy follows:

"THE COURT: Have you ever been handled by the police before for anything?

"THE DEFENDANT: Yes, sir.

"THE COURT: What for?

"THE DEFENDANT: Misdemeanor possession of marijuana.

"THE COURT: What else?

"THE DEFENDANT: Juvenile.

"THE COURT: What else?

"THE DEFENDANT: That's it.

"THE COURT: As a juvenile, what theft?

"THE DEFENDANT: Attempted theft."

The record is clear that the questions were asked by the court to determine whether probation should be granted. In determining whether probation should be granted the court did not err in considering appellant's arrest record. *McNeese v. State,* 468 S.W.2d 800 (Tex.Cr.App.1971); *Valdez v. State,* 491 S.W.2d 415 (Tex.Cr. App.1973) including his juvenile record, *Walker v. State,* 493 S.W.2d 293 (Tex.Cr. App.1973).

The judgments are affirmed.