Crespian DONEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–82–00085–CR.

Court of Appeals of Texas,
San Antonio.

July 13, 1983.

C. Nick Rothe and David Weiner, San Antonio, for appellant.

Bill White, Dist. Atty., Alan E. Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

ESQUIVEL, Justice.

Appellant entered a plea of guilty to an indictment charging him with the offense of unlawfully carrying a weapon on licensed premises. The trial court found him guilty of the offense charged and assessed his punishment at three (3) years confinement. From this judgment appellant has brought this appeal. We affirm.

Appellant, in his first ground of error, contends that the trial court erred in denying his application for probation because the trial court based its denial on a pre-sen-

tence report that contained extraneous, irrelevant and prejudicial matters. In support of his contention, appellant points out that in the presentence report repeated references were made to the criminal history of members of appellant's immediate family. The State contends that while the complained of sections of the report perhaps contained extraneous, irrelevant and prejudicial information about appellant's family, the court stated that this information was irrelevant to its determination to deny probation and further that the court based its denial of appellant's request for probation on appellant's criminal record which showed appellant's three previous arrests in the space of three years "with a weapon on him."

■ When trial is to the court, as in the case before us, and an application for probation is filed, the trial judge has the absolute discretion to grant or deny probation. *Lopez v. State,* 556 S.W.2d 821, 823 (Tex.Cr. App.1977). Denial of probation is not appealable. *Nelson v. State,* 573 S.W.2d 9, 12 (Tex.Cr.App.1978); *Brown v. State,* 478 S.W.2d 550, 551 (Tex.Cr.App.1972); *Hall v. State,* 418 S.W.2d 810, 812 (Tex.Cr.App. 1967).

■ The record reveals the following response by the trial court to the request for probation:

THE COURT: ...[W]ell I have considered it and the basic problem is that Mr. Donnell, as well as other members of his family ... that is irrelevant at this point ... Mr. Crispian Donnell, Jr. habitually carries a gun.

And prior to passing sentence the court stated:

The difficulty that I have with this case from the beginning Mr. Beltran, was Mr. Donnell's previous history ... what that means to me, when a man is arrested three times in the space of three years with a weapon on him, that he habitually carries a weapon. So, I decline to reconsider probation.

While not required to utilize a pre-sentence report, it is desirable that the trial court use the probation officer's report and take into consideration all of the pertinent information to more intelligently determine if the person is entitled to probation. *See Green v. State,* 617 S.W.2d 253, 255 (Tex.Cr.App. 1981); *Valdez v. State,* 491 S.W.2d 415, 417 (Tex.Cr.App.1973); *McNeese v. State,* 468 S.W.2d 800, 801 (Tex.Cr.App.1971). The court is not required to disregard (pertinent) information in the pre-sentence report because hearsay statements are included. *Valdez v. State, supra; Brown v. State,* 478 S.W.2d 550, 551 (Tex.Cr.App.1972). And, it is not error for the court to consider a defendant's arrest record in determining whether probation should be granted. *Pitts v. State,* 560 S.W.2d 691, 692 (Tex.Cr.App. 1978); *Valdez v. State, supra; McNeese v. State, supra.*

■ In any event, we note that at no time did appellant object to the contents of the pre-sentence report. In the absence of an objection, nothing is preserved as error for appeal. *See Esquivel v. State,* 595 S.W.2d 516, 522 (Tex.Cr.App.1980) *cert. denied,* 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980); *See Pizzalato v. State,* 513 S.W.2d 566, 569 (Tex.Cr.App.1974). Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred in basing its determination of punishment to be assessed on the pre-sentence report and the irrelevant, extraneous, and prejudicial information contained therein. In support of his contention appellant refers us to the following colloquy between the court and the defendant:

THE COURT: Crispin Donnell, Jr., on your plea of guilty and the proof offered in support of your plea of guilty in this cause number, the Court finds that you are guilty.

I will either assess punishment at this time or if you prefer that I do so, will await the pre-sentence report before assessing punishment in this matter.

MR. BELTRAN: It is our desire same as the other case.

THE COURT: Mr. Donnell?

A: Yes, sir.

Appellant argues that when the court assessed appellant's punishment above the minimum, it cannot be stated that the pre-sentence report was used only to pass on the issue of probation. In response, the State argues that the statement of the court was an inquiry of the appellant concerning the time sequence of assessing punishment and not an indication by the court that it would use the pre-sentence report in determining punishment. We agree with the State. We find no evidence in the record as to what the court actually used in assessing punishment. In view of his attorney's answer and appellant's answer to the court's inquiry concerning appellant's preference when it should assess punishment in the case before us, we can reach no other conclusion but that appellant personally requested that the court follow his previously expressed desires as expressed in "the other case" where he requested that punishment be deferred and assessed only after the court obtained the pre-sentence report. No error is preserved where a defendant obtains all the relief he requested. *See Benson v. State,* 496 S.W.2d 68, 70 (Tex.Cr.App. 1973). Accordingly, appellant's ground of error number two is without merit and is overruled.

The judgment of the trial court is affirmed.