**Dexter Orrin HUGHES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 84 145 CR.**

Court of Appeals of Texas,
Beaumont.

May 8, 1985.

Warren Goodson, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

BURGESS, Justice.

Appellant pleaded guilty to aggravated robbery and requested the trial judge to assess punishment. A pre-sentence investi-

gation was ordered pursuant to *TEX. CODE CRIM.PROC.ANN. art. 37.07(3)(d)* (Vernon Supp.1985), which states in relevant part "... may order an investigative report as contemplated in section 4 of article 42.12".

The report was prepared and filed with the court. Prior to the hearing on punishment, appellant filed a "Trial Objection and Motion to Strike" complaining of certain portions of the pre-sentence investigation report. Appellant moved to strike that portion of the report which referred to a grand jury no-bill. That was granted. Appellant next moved to strike that portion of the report entitled juvenile court history. That was denied. Finally, appellant moved to strike the "offender score". That was granted. The court then reviewed the report in accordance with his prior rulings, heard arguments from the attorneys and proceeded to assess punishment at fifty years confinement in the Texas Department of Corrections. Appellant perfected appeal urging a single ground of error.

Appellant's ground of error:

"The trial court erred in considering the juvenile court history of the appellant in the assessment of his punishment."

At the time of trial, there were two sections 4 of *TEX.CODE CRIM.PROC.ANN. art. 42.12* (Vernon Supp.1985). The first section 4 states in relevant part:

"... [A] probation officer shall fully investigate and report to the court in writing the circumstances of the offense, criminal record, social history and present condition of the defendant."

The second section 4 states in relevant part:

"... [T]he court shall direct a probation officer to report to the court in writing on the circumstances of the offense with which the defendant is charged, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the court."

All portions of the second section four were declared invalid in *State Ex Rel. Turner v. MacDonald*, 676 S.W.2d 375 (Tex.Crim. App.1984). Although we do not know under which section the trial court proceeded, we will determine the ground of error under the present section.

In *Walker v. State*, 493 S.W.2d 239 (Tex. Crim.App.1973), the court held that the inquiry of the trial judge into the juvenile record of a defendant at the punishment hearing before the court was not error since the judge would have been entitled to receive the information in a pre-sentence report. Granted this was a pre-1981 case in which a pre-sentence report was only allowable if a motion for probation had been filed. We, however, find the logic to be persuasive. In *Batts v. State*, 673 S.W.2d 666 (Tex.App.—San Antonio 1984, no pet.), the court held that the trial judge was empowered to consider a pre-sentence report which included a previous robbery committed as a juvenile and cited *Walker, supra*, as authority.

We believe this is the proper rule. The trial judge did not err in considering the juvenile dispositions in the pre-sentence report. The ground of error is overruled and the judgment of the trial court is affirmed.

AFFIRMED.