**Rene Cortez CAVAZOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–84–341–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 28, 1985.

---

1. The accident occurred August 17, 1980 and suit was filed against the owners of the horse and others August 11, 1982.

Horacio L. Barrera, Brownsville, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before UTTER, KENNEDY and BISSETT[1], JJ.

## OPINION

UTTER, Justice.

Appellant was indicted for having committed the offense of aggravated robbery. Appellant entered a plea of guilty before the trial court and elected to have a jury assess his punishment. The jury assessed punishment at ten years' confinement in the Texas Department of Corrections. We reverse the judgment of the trial court and remand the cause for redetermination of punishment.

In his sole ground of error, appellant asserts that, during the punishment stage, the trial court erred in allowing the State to cross-examine appellant regarding appellant's prior juvenile conduct. Prior to trial, appellant (1) had filed his Motion for Probation and (2) had filed a Motion in Limine to prohibit the mentioning of appellant's "juvenile record" during the punishment stage pursuant to TEX.FAM.CODE ANN. § 51.-13 (Vernon Supp.1985). The trial court granted appellant's Motion in Limine.

During the punishment stage, appellant, who was 18 years old at the time of trial, testified on direct examination that he did not know why he had committed the

1. Associate Justice (Ret.), Court of Appeals, Thirteenth Supreme Judicial District, sitting by designation. See TEX.REV.CIV.STAT.ANN. art. 1812 (Vernon Supp.1985).

robbery; that he was drunk at the time; that he had put his unloaded gun in his pocket when he left his home; that he went for a walk and, when he passed by the convenience store, "the first thing that come in my mind is to rob the store." Appellant further stated that he was "very sorry." Also, appellant gave the following response to a question from his counsel:

MR. BARRERA: Do you think you want to do it *again?*

APPELLANT: No, sir. (Emphasis supplied)

Once appellant was passed for cross-examination, the State asked the trial court to remove the jury; and then, after the jury was removed, the State argued that, because appellant stated that he did not "want to do it again," appellant had "opened the door" to the introduction of the fact that, while a juvenile, he had committed an aggravated robbery with a firearm two years earlier. The State also argued that appellant had misled the jury into believing "that he wouldn't do it again, that he's done it once and he sees his error." Defense counsel disputed the State's contention that an "erroneous impression" had been created before the jury, thus appellant had not "opened the door."

After finding that appellant had "left a false impression with this jury about this man's background and eligibility and deservingness of the probation," the trial court ruled that the State could accordingly examine appellant regarding his participation in the prior aggravated robbery. Subsequently, the State cross-examined appellant, as follows:

Q.   ... Mr. Barrera asked you—after asking you about this incident about where the, you know, how you got the gun and putting it in your pocket and how something just struck your mind that you decided you would rob this lady, surprise, surprise, and then you said when he asked you, would you ever do something like this again, you said, "No;" isn't that right? [2]

A.   Yes, sir.

Q.   Isn't it a fact, sir, that back in March of 1982, not even two years before this offense, you committed another aggravated robbery with a firearm?

Appellant objected to the question, and the trial court overruled his objection. At the conclusion of the testimony, the trial court gave the jury the following limiting instruction in its charge on punishment:

Evidence has been presented concerning the Defendant's having committed an act in 1982 while he was a juvenile, which act, if committed, would be considered a felony offense had the Defendant been an adult at the time. You are instructed that such evidence was offered solely in response to Defendant's testimony, and was not, and is not, proof of a prior felony conviction as that term is used in this charge. A prior felony conviction such as would prohibit the Defendant from being eligible for probation must be an adult conviction. You are therefore instructed that the Defendant has shown himself to be eligible for probation. Again, whether you do or do not so recommend probation is a matter that rests within the discretion of the jury.

On appeal, appellant contends that his response to the question, "Do you think you would do it again?," did not leave an erroneous or false impression before the jury. Accordingly, appellant argues that, since appellant left no erroneous or false impression, the State was not entitled "to go into the defendant's juvenile record for the supposed purpose of impeachment." Furthermore, appellant contends that evidence regarding appellant's prior juvenile conduct was not admissible before the jury for any purpose. In reply, the State asserts that, at the punishment stage, particularly where appellant's fitness for probation was at issue, the evidence regarding appellant's prior juvenile conduct was relevant and admissible.

We agree with appellant that appellant's testimony that he didn't think that he

2.   This is not the question which defense counsel     asked appellant on direct examination.

would "do it again" did not leave an erroneous or false impression before the jury regarding appellant's prior conduct. It was only evidence of his present thinking or state of mind, and it did not inferentially allude to his past conduct. Thus, the State was not entitled to cross-examine appellant regarding his prior juvenile conduct for impeachment purposes. We must now consider whether such cross-examination regarding appellant's prior juvenile conduct was proper on other grounds.

In his Motion in Limine, appellant sought to limit at the punishment stage the State's introduction of evidence relating to appellant's prior "juvenile record" on the basis of TEX.FAM.CODE ANN. § 51.13 (Vernon Supp.1985). TEX.FAM.CODE ANN. § 51.-13 (Vernon Supp.1985), in pertinent part, provides:

> § 51.13. Effect of Adjudication or Disposition
>
> (a) An order of adjudication or disposition in a proceeding under this title *is not a conviction of crime,* and does not impose any civil disability ordinarily resulting from a conviction or operate to disqualify the child in any civil service application or appointment.
>
> (b) The adjudication or disposition of a child or evidence adduced in a hearing under this title may be used only in subsequent proceedings under this title in which the child is a party or in subsequent sentencing proceedings in criminal court against the child to the extent permitted by the Texas Code of Criminal Procedure, 1965. (Emphasis supplied)

TEX.CODE CRIM.PROC.ANN. art. 37.07 (Vernon Supp.1985), in pertinent part, provides:

> Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty
>
> (a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a

final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

■ As a general rule, an adjudication that one was a juvenile delinquent cannot be used as part of one's prior criminal record at the punishment stage. *Slaton v. State,* 418 S.W.2d 508 (Tex.Crim.App.1967); *See* TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1985); TEX. FAM.CODE ANN. § 51.13 (Vernon Supp. 1985); 5 Texas Tech Law Rev., 537 (1974); *See also In the Matter of P.B.C.,* 538 S.W.2d 448 (Tex.Civ.App.—El Paso 1976, no writ). As noted by the State, TEX.HUMAN RES.CODE ANN. § 61.066 (Vernon Supp.1985) provides the following exception to the above general rule:

> § 61.066. Commitment Records
>
> A commitment to the commission may not be received in evidence or used in any way in any proceedings in any court except in subsequent proceedings under Title 3, of the Family Code against the same child, and except in imposing sentence in any criminal proceedings against the same person.

■ We hold that the evidence regarding appellant's prior juvenile conduct was not admissible under TEX.HUMAN RES. CODE ANN. § 61.066 (1) because the evidence of the prior juvenile conduct was not evidence of a commitment to the Texas Youth Commission that would have been admissible under TEX.HUMAN RES. CODE ANN. § 61.066 and (2) because there was no showing in the record that appellant was ever committed to the Texas Youth Commission.

■ The State contends that, under *Pitts v. State,* 560 S.W.2d 691 (Tex.Crim.App. 1978), *Love v. State,* 533 S.W.2d 6 (Tex. Crim.App.1976), and *Walker v. State,* 493 S.W.2d 239 (Tex.Crim.App.1973), the evidence of appellant's prior juvenile conduct was relevant and admissible on the issue of punishment, especially since appellant was seeking probation. We have reviewed *Pitts, Love* and *Walker,* and we find that

**714**

*Love* is inapplicable and that *Pitts* and *Walker* are distinguishable.

In both *Pitts* and *Walker*, each defendant had elected to have the trial court consider a motion for probation and determine punishment, and each defendant upon appeal asserted that testimony regarding each defendant's juvenile record was improperly elicited from each defendant. In both *Pitts* and *Walker*, the Court of Criminal Appeals held that, since the trial court could have ordered and could have considered a pre-sentence report (which would have included each defendant's juvenile record) pursuant to TEX.CODE CRIM. PROC.ANN. art. 42.12 (Vernon Supp.1985), each trial court did not reversibly err by questioning each defendant regarding his juvenile record and in considering each defendant's juvenile record.

In this case, we have found no applicable exception which would have allowed the admission of evidence regarding appellant's prior juvenile conduct. We hold that, under *Slaton*, TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a), and TEX.FAM.CODE ANN. § 51.13, the trial court erroneously allowed the State to cross-examine appellant regarding appellant's prior juvenile conduct. Appellant's sole ground of error is sustained.

The judgment of the trial court is REVERSED; and, since appellant entered a guilty plea, the cause is REMANDED to the trial court for reconsideration of appellant's motion for probation and for redetermination of punishment.