William Edward **ADWON** A/K/A Mark
John Campbell, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–85–0566–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 10, 1986.

Kathryn Fagan, James M. Leitner, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Dinah Bailey, Shirley Cornelius, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

OPINION

EVANS, Chief Justice.

A jury convicted the appellant of burglary of a habitation with intent to commit theft, and the court assessed his punishment at 16 years confinement. We affirm.

In his first two grounds of error, the appellant challenges the authority of retired Judge Wallace C. Moore to act as the trial judge in this case.

In his first ground of error, the appellant contends that the order assigning Judge Moore to the 183rd District Court of Harris County expired by its own terms before the commencement of the instant trial. He points to the order appointing Judge Moore "for a period of one day beginning the fourth day of June 1985," which further provides that the assignment "shall continue after the specified period of time as may be necessary for the assigned Judge to complete trial of any case or cases begun during this period...." The appellant argues that because the trial of the present case did not begin until June 11, 1985, Judge Moore had no authority under the order of assignment to hear the case.

In his second ground of error, the appellant contends that the record is silent as to whether the appointment of Judge Wallace C. Moore was in compliance with the requirements of former Tex.Rev.Civ.Stat. Ann. art. 200a, sec. 5f (recodified as Tex. Gov.Code Ann. sec. 74.061 (Vernon Supp. 1986)). That statute provided that:

Notwithstanding any other provision of this Act, neither the chief justice nor the presiding judge of the administrative judicial district in which Harris County is located may assign a judge to a court in Harris County if the regular district judge is present or trying cases unless the assignment is for the regular docket of the:

(1) presiding administrative judge and the judge is present attending to administrative duties; or

(2) presiding judge of a court created by the legislature and the judge is trying a capital murder case.

Ch. 889, sec. 26, 1983 Tex.Gen.Laws 4975, *repealed by* ch. 480, sec. 26(1), 1985 Tex. Gen.Laws 4085.

■ As a retired district judge who has elected to continue in his judicial capacity, Judge Moore was not a "special" judge, but was still a district judge. *Herrod v. State*, 650 S.W.2d 814 (Tex.Crim.App.1983); *Olivares v. State*, 693 S.W.2d 486 (Tex. App.—San Antonio 1985, pet dism'd). Therefore, no formal order was needed for him to preside over the case, *Crawford v. State*, 509 S.W.2d 582 (Tex.Crim.App.1974),

and there was no statutory requirement that the circumstances authorizing his assignment be reflected in the court's permanent records. *See Matthews v. State*, 471 S.W.2d 834 (Tex.Crim.App.1971); *compare Williams v. State*, 677 S.W.2d 584, 586 (Tex.App.—Austin 1984, no pet.) (requiring entry in minutes of statutory basis for appointment of special judge under Tex.Code Crim.P.Ann. art. 30.05 (Vernon Supp.1986). In the absence of any showing to the contrary, we must presume that Judge Moore was properly assigned to preside over the trial. *Olivares v. State*, 693 S.W.2d 486; *Buchanan v. State*, 471 S.W.2d 401, 404 (Tex.Crim.App.1971), *cert. denied*, 405 U.S. 930, 92 S.Ct. 984, 30 L.Ed.2d 804 (1972).

We overrule the first and second grounds of error.

■ In his third ground of error, the appellant contends that the trial court erred in assessing his punishment without first ordering a presentence investigation.

Tex.Code Crim.P.Ann. art. 42.12, sec. 4 (Vernon 1979) originally provided that:

> Sec. 4. *When directed by the court*, a probation officer shall fully investigate and report to the court in writing the circumstances of the offense, criminal record, social history and present condition of the defendant. Whenever practicable, such investigation shall include a physical and mental examination of the defendant. Defendant, if not represented by counsel, counsel for defendant and counsel for the state shall be afforded an opportunity to see a copy of the report upon request. If a defendant is committed to any institution the probation officer shall send a report of such investigation to the institution at the time of commitment. (Emphasis added.)

On May 25, 1983, section 4 of article 42.12 was amended by Tex.H.B. 1178, ch. 343, sec. 1, 1983 Tex.Gen.Laws 1790, to read, in pertinent part, as follows:

> Sec. 4. (a) Except as provided by Subsection (b) of this section, *prior to the imposition of sentence* by the court in a criminal case *the court shall* direct a probation officer to report to the court in writing on the circumstances of the offense with which the defendant is charged, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the court.
>
> (b) The court is not required to direct a probation officer to prepare a report if:
>
> (1) the defendant requests that a report not be made and the court agrees to the request; or
>
> (2) the court finds that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion and the court explains this finding on the record. (Emphasis added.)

On May 25, 1983, Tex.S.B. 1, ch. 303, sec. 9, 1983 Tex.Gen. Laws 1568, 1587 was enacted as an amendment to section 4 of art. 42.12. That amendment, in addition to adding new provisions, reenacted the original reading of section 4. *See* original provision set out above.

In the case of *State ex rel. Turner v. MacDonald*, 676 S.W.2d 375 (Tex.Crim. App.1984), the Court of Criminal Appeals held that H.B. 1178 and S.B. 1, both enacted in 1983, were inconsistent and irreconcilable. Because S.B. 1 was the latest in date of enactment, its provisions were held to be controlling. To the extent that H.B. 1178 was inconsistent, the Court of Criminal Appeals found it to be invalid. As a result, the original reading of section 4 of article 42.12, as reenacted by S.B. 1, is the law presently binding on the trial courts. *Cf. Hughes v. State*, 691 S.W.2d 118 (Tex.App. —Beaumont 1985, pet. ref'd).

The present reading of section 4(a), as reenacted by S.B. 1, leaves the ordering of a presentence investigation within the discretion of the trial court. *See also* Tex. Code Crim.P.Ann. art. 37.07, sec. 3(d) (Vernon Supp.1986). Thus, the trial court was not obligated by law to order a presentence investigation and acted within its discretion when it decided not to do so.

We overrule the appellant's third ground of error.

The appellant next contends that the trial court erred by admitting proof of an extraneous offense.

■ An accused person is generally entitled to be tried only on the accusation made in the State's pleading and not on some collateral crime, or for being a criminal generally. *Moore v. State,* 700 S.W.2d 193, 199 (Tex.Crim.App.1985). Thus, evidence of extraneous offenses is generally not admissible. Extraneous offenses may become admissible, however, upon a showing by the prosecution that (1) the transaction is *relevant* to a *material* issue in the case; and (2) the relevancy value of the evidence outweighs its inflammatory or prejudicial potential. *Williams v. State,* 662 S.W.2d 344 (Tex.Crim.App.1983).

■ The record reflects that when the prosecutor was questioning Sgt. Jett, a police officer, he asked the officer whether he had previously known the defendant by the name of Mark Campbell. On cross-examination, appellant's counsel questioned Sgt. Jett about the circumstances under which the appellant first used an alias. The relevant portion of that testimony is as follows:

Q. Sergeant Jett, do you know how Billy Adwon came to be known as Mark Campbell?

A. I believe he was arrested under that name.

Q. Didn't the officer call him Mark Campbell?

A. No, ma'am.

Q. Oh, Jeez. . . .

The prosecution subsequently called Officer Robert H. Thomas and elicited testimony concerning the alias of the appellant. His testimony is as follows:

Q. Officer Thomas, on February 17th, 1985, did you have an occasion to come into contact with someone whom you later learned to be a William Adwon?

A. Yes, ma'am, I did.

Q. Do you see that person in the courtroom today?

A. Yes, ma'am, it's the gentleman with the blue jeans and blue shirt sitting at the other table.

MS. CORNELIUS: Your Honor, may the record reflect that this witness has identified the defendant?

THE COURT: It will.

Q. (By Ms. Cornelius) Where were you when you first saw the defendant?

A. I was on routine patrol in the Memorial area.

Q. What brought your attention to the defendant?

A. We had just gotten to work around 4:00 o'clock and this was getting close to 5:00 o'clock and we were listening to the radio as there was a chase going on in our area.

MS. FAGAN: Your Honor, I object.

THE COURT: It's overruled.

Q. (By Ms. Cornelius) There was a chase in your area?

A. Yes, a chase, a motorcycle chase going on in the area.

MS. FAGAN: Your Honor, I object. May I approach the bench?

THE COURT: Yes.

(Whereupon counsel approached the bench outside the hearing of the reporter)

MS. FAGAN: Your Honor, with your permission, I believe that there may be undue prejudice and harm and I move for a mistrial.

THE COURT: It's overruled.

MS. FAGAN: Will you note my exception?

Q. (By Ms. Cornelius) Officer Thomas, you a few minutes before pointed out the defendant as being someone named William Adwon that you had come into contact with on February 17th, 1985. Did you at any time place the defendant under arrest?

A. Yes, ma'am, I have.

Q. And was it that day?

A. It was on that day, yes, ma'am.

Q. When you placed him under arrest, did you know his name?

A. No, ma'am, he told me a name.

Q. But you did not—

A. No, ma'am.

Q. You have not known this person, the defendant, in the past or anything?

A. No, ma'am, I have never seen him before.

MS. FAGAN: Your Honor, may I object. Could we approach the bench, please? (Whereupon counsel approached the bench)

MS. FAGAN: Your Honor, I object to the testimony of this officer.

THE COURT: It's overruled.

MS. FAGAN: I would like my exception noted for the record.

THE COURT: It will be.

Q. (By Ms. Cornelius) Officer Thomas, you say you placed this defendant under arrest that day. Were you also then the person who booked him through?

A. Yes, ma'am.

Q. And as part of booking procedures, don't you have to book a person, an individual under a name if you know a name?

A. Yes, ma'am.

Q. And what name did you book this defendant under on February 17th, 1985?

A. He gave the name of Mark John Campbell.

Q. When you say he gave you the name of Mark John Campbell, who is he?

A. The defendant gave me that name.

Q. And at that time did you know any other different name?

A. No, ma'am, he had no identification papers on him whatsoever on that date.

At a prior hearing on appellant's motion to suppress, the appellant testified that when he was being arrested for an extraneous offense, the arresting officer inquired as to whether his name was Mark Campbell. The appellant testified that he merely "went along" with that statement. That is evidently what the appellant's counsel was attempting to establish at trial. In response to that position, the prosecutor elicited testimony to establish that it was the appellant, and not the arresting officer, who first initiated the use of an alias.

Under the circumstances presented, we conclude that the testimony did not show

that the appellant was guilty of any extraneous offense, nor can it be said that the relevancy value of the evidence concerning the appellant's prior arrest was outweighed by its inflammatory or prejudicial potential. *See Williams v. State*, 662 S.W.2d 344. We overrule the appellant's fourth ground of error.

In his fifth ground of error, the appellant contends that the trial court committed reversible error by not correcting the indictment to reflect his true name. He contends that because the trial court was made aware of his true name prior to trial, the indictment identifying him as "William Edward Adwon aka Mark John Campbell" should have been corrected under the provisions of Tex.Code Crim.P.Ann. sec. 26.08 (Vernon 1966), which provides:

If the defendant, or his counsel for him, suggests that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant as suggested by himself or his counsel for him, the style of the case changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment.

Tex.Code Crim.P.Ann. sec. 21.07 (Vernon 1966) provides that "[w]hen a person is known by two or more names, it shall be sufficient to state either name." There is evidence to support a conclusion that the appellant was known by more than one name, and either name could therefore be used in the indictment. *Pegoda v. State*, 470 S.W.2d 675 (Tex.Crim.App.1971). The fact that the appellant's alias appeared in the indictment is not reversible error. *See Johnson v. State*, 324 S.W.2d 209 (Tex. Crim.App.1959); *Brannon v. State*, 296 S.W.2d 760 (Tex.Crim.App.1956).

We overrule the appellant's fifth ground of error.

In grounds of error numbers six and seven, the appellant contends that the trial court committed reversible error by giving an erroneous supplemental charge to the

jury and by communicating with the jury during the jury's deliberation.

■ The appellant first contends that the trial court misstated the law in its response to a written inquiry by the jury. The jury inquired:

Are there different degrees of a felony (Specifically, theft of school property versus the items taken at the Kuo habitation)?

To this the court responded:

There is no difference.

Tex.Penal Code Ann. sec. 31.03 (Vernon Supp.1986) defines the offense of theft. Subsection (e) of sec. 31.03 defines the various degrees of theft, basing the distinctions on the value or the character of the property appropriated. The statute makes no differentiation in the degree of theft for appropriating school property as opposed to items from a private individual's habitation. Thus, the trial court was correct in instructing the jury that there is no such distinction.

The appellant next contends that the trial court's communication with the jury during deliberation was in violation of the requirements of Tex.Code Crim.P.Ann. art. 36.27 (Vernon 1981). That provision requires that in responding to a written communication or question from the jury, the trial court's answer must be in writing and must be read in open court unless expressly waived by the defendant. The appellant contends that the trial court failed to read its response to the jury's inquiry in open court in violation of art. 36.27, and that there was no express waiver by the appellant.

■ The Court of Criminal Appeals has held that if the trial court, after having charged the jury, gives additional instructions to the jury without complying with the statutory requirement that such communication be in open court and in the presence of the defendant, such action constitutes reversible error. *Smith v. State*, 513 S.W.2d 823, 829 (Tex.Crim.App.1974). However, it is the duty of the defendant to bring this easily correctable error to the judge's attention by objection or formal bill of exception. Failure to do so results in a presumption that the acts of the trial court were consistent with the statute. *Id.*; *White v. State*, 677 S.W.2d 683 (Tex.App.— Beaumont 1984, no pet.). Nothing is presented for review where the defendant failed to timely object to the trial court's violation of art. 36.27. *Archie v. State*, 615 S.W.2d 762 (Tex.Crim.App.1981).

In the present case, the appellant did not timely object to the trial court's failure to read the court's response to the jury's questions in open court. As a result, the trial court is presumed to have complied with the requirements of art. 36.27. Also, the appellant's failure to object resulted in nothing being presented for review. We overrule the appellant's grounds of error numbers six and seven.

■ In ground of error number eight, the appellant contends that the prosecutor committed reversible error by commenting during jury argument on what the evidence would have shown had the appellant elected to take the stand.

During her final argument, the prosecutor stated:

I don't know why the Defendant didn't testify. We talked at voir dire that a person possibly would not testify because he's guilty. And he doesn't want to take the stand and lie. He doesn't want to subject himself to further criminal actions for aggravated perjury or whatever. We also on voir dire talked about the fact that the defendant possibly won't testify because he has prior convictions which are admissible in front of the jury which are legally admissible, impeachable convictions. We also talked about. . . .

The appellant's counsel promptly objected to this line of argument, and the court sustained her objection. On the appellant's further request, the trial court instructed the jury not to consider the prosecutor's last remarks. The court further admonished the prosecutor to avoid further questions of that nature.

The record reflects that the prosecutor's remarks were prompted by the argument of defense counsel relating to the appellant's failure to testify. Although the prosecutor's remarks were improper, they were not so prejudicial that they could not be rendered harmless by an admonishment to disregard. *See Davis v. State,* 645 S.W.2d 817 (Tex.Crim.App.1983). Moreover, the appellant did not move for a mistrial so that he received all of the relief requested, and no adverse ruling of the trial court is presented for review. *Garcia v. State,* 513 S.W.2d 559 (Tex.Crim.App.1974). This ground of error is overruled.

The judgment of the trial court is affirmed.