**Rene Cortez CAVAZOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 0927–85.

Court of Criminal Appeals of Texas, En Banc.

Nov. 22, 1989.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant pled guilty before a jury and was convicted of aggravated robbery; the jury assessed his punishment at ten years' confinement in the Texas Department of Corrections and did not recommend probation. The Court of Appeals reversed and

---

remanded the conviction. *Cavazos v. State,* 703 S.W.2d 710 (Tex.App.—13th Dist., 1985).

At the punishment hearing following appellant's plea of guilty, evidence was introduced by the State to prove that appellant robbed the attendant of a convenience store at gunpoint. The appellant took the stand to express his remorse for having committed the crime. In addition, appellant said in response to a question from his attorney:

> (Defense Counsel): Do you think you want to do it again?
>
> (Defendant): No, sir.

In rebuttal to this statement, the State sought to admit into evidence proof that appellant had, while a juvenile, committed an aggravated robbery with a firearm two years earlier. The State argued the evidence was admissible to prove that appellant gave an erroneous impression that he had done this once, seen his error, and would never do it again. Appellant objected, disputing the State's argument that he misled the jury and that he opened the door to the unadjudicated extraneous offense. The trial court admitted the evidence finding that appellant left a false impression with the jury concerning his suitability of probation.

The Court of Appeals agreed with appellant and held that appellant's testimony "did not leave an erroneous or false impression before the jury regarding appellant's prior conduct," and was therefore not open to cross-examination on his juvenile record. *Cavazos v. State,* 703 S.W.2d 710, at 713 (Tex.App.—13th Dist., 1985). The Court of Appeals also overruled the State's argument that "evidence of appellant's prior juvenile conduct was relevant and admissible on the issue of punishment, especially since appellant was seeking probation." *Cavazos, supra,* at 713. The Court of Appeals decided they could not find any "applicable exception that would have allowed the admission of evidence re-garding appellant's prior juvenile conduct." *Cavazos, supra,* at 714.

This Court granted the State's petition on the ground for review that the Court of Appeals erred in two ways when it held appellant's prior juvenile conduct was inadmissible at the punishment stage on the issue of probation: that the Court of Appeals should not have overruled the trial court's conclusion that appellant's testimony of his "deservingness of the probation" rendered admissible his extraneous conduct unless it also found the trial court committed an abuse of discretion; and that the extraneous aggravated robbery was admissible in connection with appellant's application for probation and testimony. The disposition of this appeal is controlled by this Court's recent decisions in *Murphy v. State,* 777 S.W.2d 44 (Tex.Cr.App.1989); *Drew v. State,* 777 S.W.2d 74 (Tex.Cr.App. 1989); *King v. State,* 773 S.W.2d 302 (Tex. Cr.App.1989); and *Hedicke v. State,* 779 S.W.2d 837 (Tex.Cr.App.1989).[1] We will overrule the State's ground for review.

Regarding the State's argument that the trial court's ruling in this matter should be subject only to an "abuse of discretion" review, we note that both of the cases cited by the State are not controlling. In *Williams v. State,* 535 S.W.2d 637 (Tex.Cr. App.1976) and *Maddox v. State,* 682 S.W.2d 563 (Tex.Cr.App.1985), this Court held that in reviewing questions on whether the State is entitled to prove *the circumstances surrounding the arrest of a defendant,* we are constrained to pass on asserted error by determining only whether the trial court clearly abused its discretion in the admission of evidence. (emphasis supplied) *Williams, supra,* at 639–640; and *Maddox, supra,* at 564–565. These cases do not stand for the proposition that a trial court's decision on the admissibility of unadjudicated extraneous conduct at the punishment stage is subject to an "abuse of discretion" review. Instead, we will apply the standard of review for this trial court error

---

1. This writer dissented to the majority opinions in *Murphy* and *Drew,* and although still standing by my original position, I recognize allegiance to stare decisis and thus abide by the rule of law adopted by a majority of this Court.

that was relied upon by this Court in *Murphy, supra; King, supra,* et al.

Lastly, the State argues that appellant's prior juvenile conduct was admissible in response to his application for probation and his trial testimony. In *Murphy v. State,* at 67, *supra,* this Court held that:

whether past criminal conduct by an applicant for probation may reveal a trait or propensity to violate the law is not relevant to a material issue tendered by an application for probation in a punishment proceeding before a jury. For that matter, neither is a self-serving declaration by applicant that he will not violate the law if placed on probation. The theory on which the trial court allowed the prosecution to present "rebuttal" evidence is untenable.

In the instant case, the State rested its theory of admissibility on appellant's application for probation and self-serving statement that he would not do it again. The trial court admitted the evidence because it was erroneously believed appellant had thus opened the door to the issue of his deservingness of probation. We hold that appellant's application for probation and his testimony did not open the door to admission of prior extraneous conduct. The trial court erred by admitting the testimony. *Murphy v. State, supra.* Compare with *King v. State,* 773 S.W.2d 302, at 303 (Tex.Cr.App.1989) (wherein the defendant's testimony at the punishment phase was found to have opened the door). The State's ground for review is overruled.

We note that the Court of Appeals did not apply a harmless error analysis under Tex.R.Ap.Proc. Rule 81(b)(2). This cause is remanded for a harmless error analysis.

MILLER, CAMPBELL and DUNCAN, JJ., concur in the result.

McCORMICK, P.J., not participating.