Flemon Vernon McNEESE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43836.

Court of Criminal Appeals of Texas.

June 2, 1971.

Rehearing Denied July 14, 1971.

Harry A. Nass, Jr., San Antonio (On Appeal Only) for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Lucien B. Campbell, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This appeal is from a conviction for burglary with intent to commit theft; the punishment was assessed by the court at four years.

After being duly admonished, the appellant entered a plea of guilty before the court and made an application for probation. He agreed in writing to waive the confrontation of witnesses and agreed to the introduction of affidavits, written statements of witnesses and other documentary evidence as provided for in Article 1.15, Vernon's Ann.C.C.P.

The sufficiency of the evidence is challenged.

The affidavits, including one by the appellant, introduced into evidence show that the house of Lincoln Hardaway was broken into and property, including a shirt and tie, was taken without his consent. Fingerprints of the appellant were found on a television set inside the burglarized premises. The stolen shirt and tie were found in the possession of a female companion of the appellant shortly after the burglary.

The evidence is sufficient to support the conviction.

Next, appellant contends that the court erred in refusing to grant probation and in doing so considered the arrest record and probation officer's report.

The court had already found the appellant guilty and assessed his punishment at four years.

 The question of whether an accused is entitled to probation in a trial before the court is a matter solely for the trial court's discretion. Martin v. State, Tex.Cr.App., 452 S.W.2d 481. The trial court in such cases should use the probation officer's report and take into consideration all of the pertinent information to more intelligently determine if the person convicted is entitled to probation. The fact the court considered the arrest record does not constitute error. No abuse of discretion has been shown.

The contention that appellant could not see the probation report is not supported by the record.

No error has been shown. The judgment is affirmed.