Jerry ANGELLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 57460.

Court of Criminal Appeals of Texas,
Panel No. 3.

July 12, 1978.

Court's Motion for Rehearing En Banc
Denied Oct. 18, 1978.

Charles E. Myers, Beaumont, on appeal only, for appellant.

Tom Hanna, Dist. Atty. and William G. Ogletree, Asst. Crim. Dist. Atty., Beaumont, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated robbery. The appellant pleaded guilty, and after a trial before the court, the trial judge assessed the appellant's punishment at twenty-five years in the Texas Department of Corrections.

The appellant contends that the trial judge erred by ordering a presentence investigation and by considering, as a factor in the assessment of punishment, pending charges against the appellant. We affirm.

The record reveals that on April 13, 1977, the appellant pleaded guilty before the court. At that time, the trial judge had a written statement from the prosecutor recommending that the appellant's punishment be assessed at twenty-five years. The trial judge also had been supplied with a written statement from the appellant and his attorney requesting that his punishment be assessed at 20 years. The trial judge deferred his decision on the punishment to be assessed and ordered a presentence investigation. At that time, the trial judge stated:

"Now, a pre-sentence report will be conducted in your case, Mr. Angelle. That means that the probation officer will interview you and get all your background and all the details of this event and everything. So when you go over there—will you take him over there and talk to Mr. Morgan. Be sure to tell him anything that you think is favorable in your case or background so he can investigate it and put it in your report."

On May 16, 1977, the trial judge held a hearing to assess the appellant's punishment. During the hearing, the trial judge noted that the presentence report, a copy of which had been given to the appellant, was adverse to the appellant. Accordingly, the trial judge decided to follow the prosecutor's recommendation.

The appellant's first contention is that the trial judge erred by ordering a presentence investigation and report since probation was not an issue. The appellant also contends that the report contained hearsay which was prejudicial to the appellant and that the trial judge erred by considering the hearsay contained in the report. The appellant relies on *Valdez v. State*, 491 S.W.2d 415, 417 (Tex.Cr.App. 1973), in which we stated:

"While not required to utilize a presentence report, it is desirable in such cases that the trial court '. . . use the probation officer's report and take into consideration all of the pertinent information to more intelligently determine if the person convicted is entitled to probation. . . .' *McNeese v. State*, 468 S.W.2d 800, 801 (Tex.Cr.App. 1971)."

█ We are not convinced that a presentence investigation and report are appropriate only when the issue of whether a trial judge should grant a defendant probation is raised. Rather, whenever an issue of the proper punishment is present a presentence investigation and report may be utilized to assist the trial judge in the exercise of his discretion. We hold that the trial judge did not abuse his discretion by ordering a presentence investigation and report.

█ Furthermore, it is well established that "[t]he fact that the court considers the arrest record of a person applying for probation is not error, *McNeese v. State, supra*, and the court is not required to disregard information in the pre-sentence report because 'hearsay statements' are included." *Valdez v. State, supra* at 417. [Citation omitted]. See also *Clay v. State*, 518 S.W.2d 550 (Tex.Cr.App. 1975). Thus, although the presentence report contained hearsay statements, the inclusion of the hearsay statements does not reflect reversible error. We further note that there is no showing that the trial judge relied on or even considered the hearsay statements. Finally, the appellant failed to object, at the hearing on May 16, 1977, to the inclusion of the hearsay statements. We are unable to conclude that reversible error is shown. Appellant's first contention is overruled.

The appellant's second contention is that the trial judge erred by considering state-

ments in the presentence report and statements made by the prosecutor during the punishment hearing that reflect that there were charges pending against the appellant. The appellant relies on Article 37.07, Section 3(a), Vernon's Ann. C.C.P., which states:

"Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.

"(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."

The appellant contends that Article 37.07, Section 3(a), Vernon's Ann. C.C.P., does not permit the introduction of pending charges.

As noted above in connection with the appellant's first contention, *McNeese v. State, supra,* held that it was not error for the trial judge to consider the arrest record of a defendant. *McNeese* was decided by this Court on June 2, 1971. At the time *McNeese* was decided, Article 37.07, Section 3(a) was identical to its current form.

 Since Article 37.07, Section 3(a), Vernon's Ann. C.C.P., was in its present form prior to our opinion in *McNeese,* we hold that *McNeese* is still viable. Thus, since *McNeese* is still the law, we have no difficulty in concluding that the trial judge would not have abused his discretion by considering the charges pending against the appellant as reflected by the presentence report and the prosecutor's statements. Indeed, in *Clay v. State,* 518 S.W.2d 550 (Tex. Cr.App. 1975), we held that it was not an abuse of discretion for the trial judge to consider a pending indictment when he was considering the appellant's motion for probation.

Moreover, although the appellant had not filed a motion for probation in the present case, the issue of what punishment was appropriate had been raised. Probation, as well as incarceration, is a form of punishment. We hold that *McNeese* and *Clay* are equally applicable to those situations, like the present case, where the trial judge orders a presentence investigation and report and probation is not an issue.

Furthermore, there is no showing that the trial judge relied on or even considered the charges pending against the appellant. Also, the appellant did not object to the inclusion of the pending charges in the presentence report or to the prosecutor's statements concerning the pending charges. Appellant's second contention is overruled.

The judgment is affirmed.