**Nathaniel CARTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0017–CR.**

Court of Appeals of Texas,
Tyler.

Jan. 28, 1982.

Rehearing Denied Feb. 11, 1982.
Discretionary Review Refused
April 21, 1982.

Dan Hurst, Tyler, for appellant.

Hunter B. Brush, Dist. Atty., Tyler, for appellee.

PER CURIAM.

This is an appeal from a conviction for aggravated assault.

Nathaniel Carter, appellant, was charged by an indictment filed on July 24, 1980, in Cause No. 480–181, in the 114th Judicial District Court of Smith County, Texas, with the offense of murder. The appellant pleaded not guilty, and the case proceeded to trial before a jury. On September 17, 1980, the jury found appellant guilty of the offense of aggravated assault.

Prior to trial, appellant elected to have the court assess his punishment in the event that the jury found him guilty. Upon the finding of guilt on the aggravated assault charge, the jury was dismissed and the cause recessed. Thereafter the court ordered that a presentence investigation concerning appellant be prepared.

Hearing on punishment was held on September 24, 1980. The court, after reviewing the presentence report, assessed punishment at ten years confinement at the Texas Department of Corrections.

From this judgment defendant perfected this appeal.

We affirm.

Appellant's sole ground of error is that the trial court erred in considering the presentence report for any purpose other than determine whether or not the punishment assessed should be probated.

This contention was passed on by the Court of Criminal Appeals in *Angelle v. State,* 571 S.W.2d 301 (Tex.Cr.App.1978). In that case the defendant pled guilty to aggravated robbery. The trial court, before assessing punishment, ordered a presentence investigation. After reviewing the presentence report, the court assessed the defendant's punishment at twenty-five years in the Texas Department of Corrections.

The defendant appealed on the ground that the trial court's use of the presentence report was error. The Court of Criminal Appeals, in rejecting the defendant's argument, stated:

We are not convinced that a presentence investigation and report are appropriate only when the issue of whether a trial judge should grant a defendant probation is raised. Rather, whenever an issue of the proper punishment is present a presentence investigation and report may be utilized to assist the trial judge in the exercise of his discretion. *Id.* at 302.

See also *McNeese v. State,* 468 S.W.2d 800 (Tex.Cr.App.1971).

Appellant for authority relies on Judge Clinton who filed a dissenting opinion in a denial of a motion for a rehearing *en banc* in *Mason v. State*, 604 S.W.2d 83 (Tex.Cr. App.1980). In his opinion Judge Clinton, after reviewing the statutory background, stated that a presentence investigation report was intended exclusively for use by the trial court in order to determine what terms and conditions of probation were appropriate to the particular defendant.

Although the arguments of Judge Clinton are persuasive, we note that it was the conclusion of the court in that case that use of the presentence report was not error.

The judgment of the trial court is affirmed.