**Moses Ray RHINE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–81–760CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 1, 1982.

Allen Isbell, Houston, for appellant.

Patricia Saum, Carl Hobbs, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Justice.

Appellant appeals a conviction for aggravated robbery after a plea of guilty to the court. The court set punishment at 25 years in the penitentiary. In five grounds of error, appellant contends the court erred in ordering and using a pre-sentence investigation report on the issue of punishment when there was no application for probation and erred in considering four prior arrests, contained in the pre-sentence report, which did not result in final convictions. We affirm.

Moses Ray Rhine was convicted by the court of aggravated robbery, after a plea of guilty. The State made no recommendation on punishment, and appellant did not apply for probation. However, on inquiry from the court, both Rhine and his attorney confirmed they would request a pre-sentence investigation report which the court would consider in assessing punishment. The court deferred the punishment hearing in order to obtain this report, and at the punishment hearing, the State asked the court to consider the report. No other evidence was offered by either the State or the appellant. The court set punishment at 25 years in the Texas Department of Corrections.

In his first ground of error, Rhine contends that since there was no application for probation, the trial court had no authority to request and use a pre-sentence investigation report in setting punishment. We disagree. Tex.Code Crim.Pro.Ann. art. 37.-07 § 3(d) (Vernon Supp.1982), which became effective on September 1, 1981, before this case was tried, specifically states that the judge may order an investigative report as contemplated in Tex.Code Crim.Pro.Ann. art. 42.12 § 4 (Vernon 1979) and may consider the report in assessing punishment. This provision of the Code clearly authorizes the trial judge to order, receive, and

consider a pre-sentence investigation report before assessing punishment when there is no issue of probation.

Even before Tex.Code Crim.Pro.Ann. art. 37.07 § 3(d) was amended to authorize the request and use of the pre-sentence investigation report by the court in assessing punishment in cases where probation was not an issue, the Court of Criminal Appeals held that the trial court could use these reports in this manner. *See, Angelle v. State,* 571 S.W.2d 301 (Tex.Cr.App.1978); *Mason v. State,* 604 S.W.2d 83 (Tex.Cr.App.1979); *Green v. State,* 617 S.W.2d 253 (Tex.Cr.App. 1981). Appellant's first ground of error is overruled.

By his second, third, fourth and fifth grounds of error, appellant complains that the trial court improperly considered evidence of prior arrests that did not result in final convictions which were contained in the pre-sentence investigation report. Appellant made no objection to the pre-sentence investigation at the time it was ordered or at the hearing on punishment. Furthermore, no objection was made to the prior arrest information contained in such report. Nor did appellant offer any evidence at the hearing. In fact, his complaint is raised for the first time on appeal.

The investigation report otherwise contains ample information relating to the nature of this offense, appellant's background, and prior arrests for which there were fines or imprisonment which would justify the 25 year sentence. The punishment was well within the range provided by law.

Reports of prior arrests without convictions are generally held not admissible on the issue of punishment. *Bermudez v. State,* 504 S.W.2d 868, 872 (Tex.Cr.App. 1974); Tex.Code Crim.Pro.Ann. art. 37.07 § 3(a) (Vernon 1981). There is no showing in this case, however, that the trial judge relied on or even considered the prior arrests for which there was no final conviction. *Angelle* at 303. Even if the information in the pre-sentence report about the prior arrests without final convictions could be considered to have been improperly admitted in this case over a valid objection

preserved on appeal, "[t]he trial court, as the finder of fact at the punishment stage of the trial, is presumed to have disregarded any evidence that was improperly admitted." *Kimithi v. State,* 546 S.W.2d 323, 327 (Tex.Cr.App.1977). Appellant's second, third, fourth and fifth grounds of error are overruled.

The judgment of the trial court is affirmed.