**James Montgomery IKNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. A14–92–00253–CR,
A14–92–00256–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion of Oct. 29, 1992 Withdrawn.

Reversed and Remanded and
Substituted Opinion Filed Dec. 7, 1992.

Rehearing Denied Dec. 17, 1992.

Allen C. Isbell, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

ELLIS, Justice.

On October 29, 1992, this court issued an opinion affirming the two judgments of the County Criminal Court at Law No. 10. No motion for rehearing was filed. On November 25, 1992, appellant filed his petition

for discretionary review. Appellant's ground for review in his petition was "[w]ether the Court of Appeals was correct in overruling his points of error based on the presumption that in a bench trial the trial court disregarded inadmissible evidence?"

On November 18, 1992, the Court of Criminal Appeals rendered an opinion in *Gipson v. State*, 844 S.W.2d 738 (Tex.Crim. App.1992) which charges the law regarding the presumption that the trial court didn't consider inadmissable evidence. Therefore we, on our own motion, withdraw our opinions of October 29, 1992 and reconsider and correct our opinions and judgments. We do this pursuant to TEX.R.APP.P. 101 (Vernon Supp.1992):

Rule 101—Reconsideration on Petition for Discretionary Review.

Within fifteen days after a petition for discretionary review to the Court of Criminal Appeals has been filed with the Clerk of the Court of Appeals which delivered the decision, a majority of justices who participated in the decision may summarily reconsider and correct or modify the opinion or judgment of the court and shall cause the clerk to certify a copy thereof and include it among the materials forwarded to the Clerk of the Court of Criminal Appeals in accordance with Rule 202(f). See Rule 202(j).

Appellant, James Montgomery Ikner, appeals his judgments of conviction for the misdemeanor offenses of driving while intoxicated (D.W.I.) and resisting arrest. Appellant waived trial by jury and pled not guilty to the court. On the resisting arrest conviction, the court rejected appellant's not guilty pleas and assessed punishment at thirty (30) days confinement in the Harris County jail and a four hundred (400) dollar fine. On the D.W.I. conviction, the court assessed punishment at a two year sentence in the Harris County jail probated two years and a four hundred (400) dollar fine. We reverse and remand to the trial court for a new punishment hearing.

In his two points of error, appellant asserts the trial court erred in admitting appellant's two prior convictions at the punishment phase. The prior misdemeanor convictions were for D.W.I. and possession of marihuana. Appellant claims the judgments should not have been admitted because there was no evidence connecting appellant with the judgments.

In our opinion of October 29, 1992, we stated that despite the lack of evidence linking appellant with the two prior judgments, no harm resulted from admitting the judgments into evidence because the trial court acted as factfinder and also assessed punishment. It is a well-settled rule that in a trial before the court, it is presumed that the court as the trier of fact disregards any inadmissible evidence. *See Tolbert v. State*, 743 S.W.2d 631, 633 (Tex. Crim.App.1988); *Morgan v. State*, 692 S.W.2d 877, 879 (Tex.Crim.App.1985); *Keen v. State*, 626 S.W.2d 309, 314 (Tex. Crim.App.1981). This rule is also in effect at the punishment phase of a criminal trial. *Kimithi v. State*, 546 S.W.2d 323, 327 (Tex. Crim.App.1977). The effect of this rule is that appellant carries the burden of proving the trial court relied on the inadmissible evidence in determining the punishment. *Angelle v. State*, 571 S.W.2d 301, 302 (Tex. Crim.App.1978).

The presumption relied upon by us was formally disapproved by the Court of Criminal Appeals in *Gipson* when it said:

Rule 81(b)(2) speaks to us in very plain terms and does not distinguish between trials before juries and trials before the Court. It states [that] [i]f the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. ... The promulgation of Rule 81(b)(2) implicitly voided the presumption and we now expressly do so.

*Gipson*, 844 S.W.2d at 740.

Because the trial court erred in admitting the two misdemeanor judgments over objection that the prosecution failed to identi-

fy appellant as the person previously convicted, this Court is called upon to determine if the error was harmless. We do so by analyzing the record in accordance with Rule 81(b)(2). *Gipson v. State*, 844 S.W.2d at 738.

The record reveals that the trial judge accorded some weight to this inadmissible evidence when determining punishment.

THE COURT: All right. I'll admit them.

. . . .

THE COURT: Give them whatever weight the Court feels appropriate with regard to punishment.

We're not discussing the legality, we're discussing the probative value of said judgments as to the insight with regard to punishment, Okay.

After the State argued the relevance of the exhibits, trial judge interjected an additional relevance.

THE COURT: Wouldn't it also go to the fact that since it's a 1989 judgment and the witness testified that she [had] never seen the defendant intoxicated, that there's either a communication problem or credibility problem or a drinking problem that is being denied?

[PROSECUTOR]: Yes, Your Honor.

THE COURT: And is being enabled by that witness for him to continue his conduct as he has been convicted today of?

[PROSECUTOR]: The state will agree that that's reasonable, Your Honor.

. . . .

[DEFENSE COUNSEL]: Well, in terms of suggestions, I'm trying to just go by, you know, what I thought or think is admissible evidence.

Obviously to try to have some court or jury disregard evidence that it has before you and just rule based on—

THE COURT: I'm basing my punishment on what I feel is appropriate and I'm basing it on what I have observed. I'm basing it on what the client has done by way of—he hasn't testified as to punishment, so I don't even know he accepts the sentence.

See, I'm sentencing him in a void and in doing so I am just making my job a little harder. That's okay. All right.

I do have one question. Is the state opposed to the imposing of a probation to this defendant on the D.W.I.?

[PROSECUTOR]: Judge, if in the event you decided to, we would ask—

THE COURT: I would not ask that you ask for anything, other than to answer my last question.

[PROSECUTOR]: Straight probation, without any jail time sir?

THE COURT: I'm sorry, counsel?

[PROSECUTOR]: Yes.

THE COURT: Counsel, I asked you if the state would have opposition to my imposing of probation.

[PROSECUTOR]: Yes, Your Honor.

THE COURT: All right.

Stand up, Mr. Ikner. I notice that— well, saying anything about what I saw on the alleged unverified judgment, but it appears as though it was a one-year probation, probated for two years. Which might mean that there might have been other consideration, which it could very well have been made [sic] marijuana case.

Rule 81(b)(2) is clear. It says that we must reverse when error is found unless we are able to analyze the error and determine beyond a reasonable doubt that the error made no contribution to the conviction or punishment. In other words, Rule 81(b)(2) mandates reversal unless strong argument is brought to bear which enables the appellate court to make an intelligent determination that the error and all its tangential effects made *no* contribution to the conviction or punishment.

From the statements made in the record by the court, we cannot say beyond a reasonable doubt that the error of admitting the two misdemeanor judgments made no contribution to the punishment assessed appellant.

We sustain appellant's two points of error and reverse the trial courts judgments with regard to punishment and remand the

cases for a new punishment hearing consistent with these opinions.