NO. 07-01-0201-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 20, 2002

_____

JAMES R. ARTRIP JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-434953; HONORABLE JIM B. DARNELL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant James R. Artrip Jr. seeks reversal of his conviction for criminal solicitation of a child.  His punishment, enhanced by a previous conviction, was assessed by the trial judge at 20 years confinement in the Institutional Division of the Department of Criminal Justice.  In three issues, appellant contends 1) the evidence was legally insufficient to support his conviction, 2) he received ineffective assistance from his trial counsel, and 3) the trial court improperly admitted evidence whose probative value was outweighed by its

prejudicial effect. Disagreeing that reversible error is shown, we affirm the judgment of the trial court.

Appellant's first issue challenge of legal insufficiency requires us to view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In relevant part, section 15.031 of the Penal Code provides:

> (a)  A person commits an offense if, with intent that an offense listed by Section 3g(a)(1), Article 42.12, Code of Criminal Procedure, be committed, the person requests, commands, or attempts to induce a minor to engage in specific conduct that, under the circumstances surrounding the actor's conduct as the actor believes them to be, would constitute an offense listed by Section 3g(a)(1), Article 42.12, or make the minor a party to the commission of an offense listed by Section 3g(a)(1), Article 42.12.

> *    *    *

> (c) A person may not be convicted under this section on the uncorroborated testimony of the minor allegedly solicited unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the minor act on the solicitation.

Tex. Pen. Code Ann. §15.031(a) and (c) (Vernon Supp. 2002).  Aggravated sexual assault and indecency with a child are offenses listed under section 3g(a)(1) of article 42.12. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(1) (Vernon Supp. 2002).  Here, appellant was indicted for requesting or attempting to induce a minor to engage in sexual

2

intercourse, which would be sufficient to constitute the offense of sexual assault or indecency with a child.

The evidence shows that on May 24, 1999, 14-year-old Raquel Rios was walking alone from her home to her aunt's house in Lubbock. She was wearing blue jeans and a t-shirt and was less than five feet tall. She testified that appellant began following her in a truck, then drove around the block and came back. At that time, he told her to get into his vehicle and he "would show her a good time." By that, Raquel averred, she believed appellant was asking her to have sexual intercourse. She replied that she was only "a little kid" and to leave her alone. Appellant responded that "[a]ge is just a number." Appellant continued to follow Raquel, so she began to run. As she did so, she saw a police car. Raquel waved at the officer and pointed at the truck. As she kept walking, she saw the officer stop appellant's vehicle. She was later questioned about the incident by another police officer.

When cross-examined, Raquel agreed that appellant never said, "[w]ill you have sex with me" nor did he offer her money to do so. She initially said she did not remember appellant asking if she would sell herself to him but, on redirect examination and after reading the statement she gave the police, she said appellant did ask her if she would sell herself and she told him she was not a prostitute.

Lubbock Police Officer Scott Weems said he spoke to Raquel on the date of the incident and averred that she appeared to be about nine or ten years old. After appellant

3

was arrested, a search of his truck was conducted, and a small pill bottle containing petroleum jelly, as well as a box of condoms, was found.

Lubbock Police Officer Nathan Anderson testified that he was on patrol when he observed a pickup truck stopped in the middle of the road. The occupant of the pickup was talking to a young girl about ten or eleven years old. Anderson saw the girl point to the truck with a worried look on her face, so he initiated a traffic stop. Appellant was in the truck and Anderson asked him why he was talking to the girl. Appellant responded that he was asking the girl "if she was working," which is a common street term for prostitution. After Officer Weems talked to Raquel and the officers conferred, appellant was placed under arrest, a wrecker was called, and an inventory search conducted on appellant's vehicle. Inside the vehicle, the searchers found a prescription pill bottle with what appeared to be petroleum jelly, a package of condoms, and two pornographic magazines.

Appellant testified that he stopped his truck and asked Raquel if "she was working." When the girl replied that she was not, he averred he thanked her and drove off. He admitted that he was looking for a prostitute but denied that he had asked Raquel to engage in sexual intercourse or that he offered her any money to engage in sexual intercourse. He also denied that he tried to get Raquel in his truck. On cross-examination, he admitted he had previously been convicted of indecent exposure and contributing to the delinquency of a child in New Mexico. He also admitted he had been convicted of kidnapping. Furthermore, he had previously asked a woman if she "was working" and

4

when she replied that she was not,[1] he exposed his erect penis and masturbated. When queried if he would have had sex with Raquel if she had told him she "was working," appellant stated, ". . . if she would have said yes, to be honest with you, most likely, yes, ma'am, I would have."

Appellant argues that because he only asked if the girl was working and because that question does not involve the penetration of, or contact with, the genitals, the evidence does not support his conviction. Furthermore, he contends, there is no corroborating proof because the evidence was unlawfully seized. However, Raquel stated that she believed appellant was referring to sex when he told her to get into his truck and he would show her a good time. He also asked if she wanted to sell herself. In addition, appellant admitted that if Raquel told him she was working, he would have had sex with her. There was also the testimony that Raquel told appellant she was "just a little kid" and he replied to the effect that age did not matter. Thus, there was ample evidence from which the jury could reasonably conclude that appellant knew Raquel was a minor. Indeed, the Court of Criminal Appeals has held that in a case of this nature, the State does not have to prove that a defendant knew the victim to be younger than 17 years. *See Johnson v. State*, 967 S.W.2d 848, 849-50 (Tex.Crim.App. 1998). There is also the testimony about appellant's previous contact with an adult woman when he inquired if she was "working," after which he exposed himself and masturbated, as well as the evidence of the condoms and

---

[1] Appellant claimed the woman asked him to show her "what you have got" before he exposed himself.

pornographic magazines found in his truck.[2]  Viewed in the light most favorable to the verdict, the evidence is sufficient to show that appellant requested or attempted to induce a minor to engage in sexual intercourse, which is sufficient to constitute the offense of sexual assault or indecency with a child.  Appellant's first issue is overruled.

The thrust of appellant's second issue claim of ineffective assistance of trial counsel is that he should have objected to the admissibility of the items found in the truck and that he should have objected to testimony of Dr. Beth Shapiro during the punishment phase of the trial as to his ability to be rehabilitated.  The standard by which we review the effectiveness of counsel is set forth in the case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and which was adopted by our Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986).  Under that standard, a claimant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland*, 466 U.S. at 687.

The first element is met by showing that trial counsel made errors so significant that he was not functioning as the counsel guaranteed by the Sixth Amendment to the federal constitution.  *Id.*  The second element requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, *i.e.*, a trial whose results were reliable. *Id.*  Thus, a claimant must show that but for counsel's errors, the result of the proceeding would have been different.  *Id.*  There is a strong presumption that trial counsel rendered

---

[2]The admissibility of this evidence is challenged in appellant's third issue and reviewed in our discussion of that issue.

adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. Furthermore, counsel's performance is judged by the totality of the representation and not from isolated instances of error or only a portion of the trial. *Id.* at 695.

Appellant claims that the search of his vehicle was illegal because the police did not have reasonable suspicion to detain and question him, inasmuch as the only fact the officer had was the complainant pointing to his truck. Without the evidence obtained from his truck, appellant argues, there would have been no corroboration of the complainant's testimony and the outcome of the trial would have been different. Thus, he reasons, his trial counsel was ineffective in not objecting to the admission of the evidence taken from his truck on the basis that the search and seizure was unlawful.

A failure to object to admissible evidence does not constitute ineffective assistance of counsel. *Lee v. State*, 29 S.W.3d 570, 579-80 (Tex.App.--Dallas 2000, no pet.). For example, in claiming ineffective assistance of counsel because of a failure to file a motion to suppress, it must be proven that such a motion would have been granted. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998). Furthermore, an isolated failure to object to improper evidence does not necessarily constitute ineffective assistance of counsel. *Manley v. State*, 28 S.W.3d 170, 174 (Tex.App.--Texarkana 2000, pet. ref'd). An appellate court will not speculate as to the reasons trial counsel utilized a particular course of action and any complaint that the course of action constituted ineffective assistance of

7

counsel must be substantiated by proof in the record. *Rios v. State*, 990 S.W.2d 382, 385 (Tex.App.--Amarillo 1999, no pet.).

Trial counsel's motive for not objecting to the admission of the items found in his truck on the basis advanced by appellant does not appear in the record. That being so, appellant has not overcome the presumption that his counsel's actions were reasonable. *See Beck v. State*, 976 S.W.2d 265, 267 (Tex.App.--Amarillo 1998, pet. ref'd). Additionally, we note that appellant's vehicle was not searched at the time of his initial stop by Officer Anderson. It was only after the victim had been questioned that the officers decided to arrest appellant. At the time of that arrest, a wrecker was called to tow the vehicle. It was not until that time that the contents were inventoried in accordance with police policy to protect the officers against possible theft allegations. Thus, if the arrest and impoundment were proper, the search and seizure may have been valid. *See Kelly v. State*, 677 S.W.2d 34, 37 (Tex.Crim.App. 1984). The fact that there may be questions about the validity of the search is not enough to show ineffective assistance, and appellant has the burden to develop facts and details of the search sufficient to show that the search was indeed invalid. *Jackson*, 973 S.W.2d at 957.

Furthermore, the record reveals that trial counsel objected to the admission into evidence of the items on the basis that they were not relevant, in that they were not used in the commission of any offense, and they were prejudicial to appellant. That objection was overruled. Then, on cross-examination, counsel asked the police officer if he was testifying the items were used for anything with respect to the complainant. The officer

8

responded that all he was testifying to was that the items were found in the truck. Counsel also obtained testimony that the magazines did not appear to be new and that petroleum jelly may have other uses than for sex. In sum, the record is not sufficient to show that counsel's actions with regard to the truck items amounted to ineffective assistance.

Appellant additionally argues that his trial counsel should have objected to the relevance of the testimony of Dr. Beth Shapiro during the punishment hearing. The testimony in question was that, based upon statistical figures, appellant could probably not be rehabilitated and, based upon Static 99, a measurement used to classify the risk level of sexual perpetrators, appellant was in the very high risk category. Dr. Shapiro had never met appellant and based her opinion solely on her review of reports. Appellant posits that this testimony was not necessary to aid the trial court in assessing punishment and it resulted in extreme prejudice to him.

Again, we observe the record is not sufficient to show trial counsel's motivation in failing to object and is not sufficient to overcome the presumption that counsel was ineffective. Moreover, in relevant part, article 37.07 of the Code of Criminal Procedure provides:

> Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.
>
> (a)(1) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding

9

Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act . . . .

Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1) (Vernon Supp. 2002). Thus, the current version of this article, as opposed to the version in effect during the time of a number of the cases cited by appellant, grants a trial court wide latitude in the admission of evidence deemed relevant, and opinion testimony as to a defendant's ability to be rehabilitated has been held admissible. *See Mock v. State*, 848 S.W.2d 215, 225 (Tex.App.--El Paso 1992, pet. ref'd). The pre-sentence investigative report also showed appellant had an extensive criminal history and had previously attended both group and individual sex offender counseling in prison and as part of his parole for prior offenses, which would be some evidence as to his ability to be rehabilitated. Moreover, even if the testimony was improperly admitted, the trial court, as the factfinder at the punishment stage, is presumed to have disregarded any inadmissible evidence. *Rhine v. State*, 642 S.W.2d 228, 229 (Tex.App.--Houston [14th Dist.] 1982, no pet.). Therefore, we cannot find counsel ineffective because of a failure to object to the relevance of the testimony.

Appellant further argues that counsel should have objected to Dr. Shapiro's testimony on the basis that it did not meet the qualification of Rules of Evidence 702 and 703, as well as the requirements of reliability explicated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). He argues that she was not qualified to predict appellant's future behavior because she stated her

10

conclusions were preliminary and her opinion was based entirely on her review of written reports.

Dr. Shapiro holds both bachelor's and master's degrees in psychology and has been in private practice since 1990. She is a registered sex offender treatment provider with the State of Texas, as well as being an associate fellow of the American Academy of Criminal Sexologists. She treats sex offenders as a regular part of her practice.

She stated that the first step in rehabilitation is that the offender has to admit to the crime and take responsibility for it, and second, there have to be indications that the offender can follow a behavior protection plan to keep out of risky situations. The offender must also want to change. If these factors are not present, rehabilitation will not be successful. Based on the reports that appellant committed sexual offenses while on probation, she felt he had no impulse control. Further, in light of appellant's justification for soliciting sex from the complainant, *i.e.*, he thought she was a prostitute, Dr. Shapiro said she did not feel that appellant had any sense of culpability.

Dr. Shapiro testified that Static 99 is a structured Risk Assessment used by the State of Texas to classify the risk level of the sexual perpetrator. Although she did not have full information, she ranked appellant as a very high risk perpetrator. She said that research showed that of those who score as high risk, 39% will commit sexual offenses within the next five years. On cross-examination, Dr. Shapiro also stated that Static 99 relies on ten factors that are primarily related to assault history both in terms of sexual and non-sexual assaults and it does not place much emphasis on other personal information.

As we have noted, much of the assault history was already before the court through the pre-sentence investigation report, and the trial court is presumed to have ignored any inadmissible testimony in its determination of punishment. In assessing the performance of counsel, we note that through his cross-examination of Dr. Shapiro, she admitted that individual information, though not used in Static 99 assessments, is important and no one knows for sure if appellant would fall within the 39% of individuals who will commit additional offenses. Thus, in his cross-examination, he was able to challenge the weight of her opinion because it was only based on her review of written reports. Further, even though appellant claims that because he received the maximum 20-year sentence, there is a reasonable probability that the trial court relied on Dr. Shapiro's testimony in its assessment of punishment, there was ample additional evidence of his prior criminal history that would justify a sentence in the upper end of the punishment allowable. The record before us does not demonstrate that counsel's errors, assuming arguendo that they were error, were sufficient to show that but for those errors, the result of the trial would have been different. Appellant's second issue is overruled.

In his third and final issue, appellant argues that the admission of the items found in the truck was error because their probative value was exceeded by their prejudicial effect. He contends that those items were not relevant to establish any element of the offense charged because the complainant never saw them and they "had no bearing on the exchange of words between her and Appellant." Further, he reasons, the contents of the magazines only served to make the jury conclude that he "was generally a lewd person" and was therefore guilty of the charged offense.

12

In considering this challenge, we note that relevant evidence is any evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex. R. Evid. 401. However, although the evidence may be relevant, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. Our review of the admission of evidence pursuant to these rules is under an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 151 (Tex.Crim.App.), *cert. denied*, ___ U.S. ___, 122 S.Ct. 127, ___ L.Ed.2d ___, (2001); *Winn v. State*, 937 S.W.2d 124, 127 (Tex.App.--Amarillo 1996, no pet.).

The State argues that although appellant made an objection based on relevancy, he failed to make a separate objection based on Rule 403. The trial objection was:

> Your Honor, I would object to relevance, Number One. And, Number Two, they - - as far as I understand, they were not used in the commission of any offense. They were just items that were found in Mr. Artrip's pickup, and I don't see how they tie into the charges, Your Honor. The only purpose that I can see is to prejudice the jury against my client, so we would object.

A trial court need not conduct the balancing test to determine if the probative value outweighs the prejudicial impact unless the opponent of the evidence makes a further objection under the prejudicial impact rule. *Alba v. State*, 905 S.W.2d 581, 585-86 (Tex. Crim.App. 1995), *cert. denied*, 516 U.S. 1077, 116 S.Ct. 783, 133 L.Ed.2d 734 (1996). Construing the objection in its broadest sense, we will assume that appellant's objection was sufficient on both grounds of relevancy and the prejudicial impact of the evidence.

13

Although motive is not an essential element of every crime, evidence of motive is admissible because it is relevant as a circumstance tending to prove commission of the offense. *Winn,* 937 S.W.2d at 128. In *Brimage v. State*, 918 S.W.2d 466 (Tex.Crim.App. 1994), *cert. denied*, 519 U.S. 838, 117 S.Ct. 115, 136 L.Ed.2d 66 (1996), the defendant was tried for capital murder committed during the course of a kidnapping. The State sought to introduce into evidence certain items found in his residence and a motel room he rented. The items included, among others, pornographic magazines, a cylindrical object, a jar of cold cream, a towel with semen stains, and a piece of leather with holes cut in it and pieces of clothing attached which was described as a sexual device. The court held the items were relevant to the kidnapping because the defendant had stated that he wanted the victim sexually, and the items tended to corroborate that his motive in kidnapping was sexual in nature. *Id.* at 505. Similarly, the items found here in appellant's vehicle are relevant to his motive in accosting the complainant and corroborate his intent to have sexual intercourse.

There is a presumption that relevant evidence will be more probative than prejudicial. *Williams v. State*, 958 S.W.2d 186, 196 (Tex.Crim.App. 1997). The evidence must only be excluded when there is a clear disparity between the degree of prejudice of the evidence and its probative value. *Brimage*, 918 S.W.2d at 506. Although appellant argues that the evidence would be offensive to some jurors and they would have to conclude he was a lewd person, appellant himself testified that he was looking for a prostitute and had done so in the past. He also admitted the exposure and masturbation

14

incident before a woman he had approached on the street.  There was further evidence of appellant's prior convictions, including one that related to indecent exposure, and another for prostitution for propositioning female inmates at the Hockley County Jail while he was performing community service.  Considering the record before us, we cannot see how the admission of the items in appellant's truck unfairly prejudiced appellant and outweighed their probative value.  Appellant's third issue is overruled.

In sum, we overrule all of appellant's issues and, finding no reversible error, affirm the judgment of the trial court.

John T. Boyd
Chief Justice

Do not publish.